IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-02161-RTG

MICHELLE LEE,

    Plaintiff,

v.

KIMBERLY H. TYSON,
TOM H. CONNOLLY, and
JOHN SCANLAN,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff Michelle Lee resides in Commerce City, Colorado. She has filed *pro se* a Complaint (ECF No. 6) and has paid the filing fee (ECF No. 5).

    The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, Plaintiff will be directed to file an amended pleading that asserts a cognizable claim for relief.

**I.  The Complaint**

    Plaintiff brings this action against John Scanlan, Plaintiff's attorney in her bankruptcy case, Tom H. Connolly, the Chapter 7 Trustee, and Kimberly H. Tyson, United States Bankruptcy Judge. (ECF No. 6 at 2). She asserts federal question jurisdiction pursuant to 42 U.S.C. § 1983 and 18 U.S.C. §§ 1503, 1512. (*Id.* at 3-4).

Plaintiff asserts the following claims: (1) Violation of due process, equal protection, and fair hearings and 18 U.S.C. §§ 1503 and 1512 against Defendant Judge Tyson because she "issued orders based on false, misleading, incomplete information"; (2) Violation of due process, attorney ethics rules, and 18 U.S.C. §§ 1503 and 1512 against Defendant Scanlan based on his "use of an expired motion" and his "silence and inaction in the face of clear constitutional violations"; and (3) Violation of bankruptcy trustee statutes, fiduciary duties, and ethical standards, due process and equal protection, and 18 U.S.C. §§ 1503 and 1512 because he "engaged in secret communications outside the record on April 7, 2025." (*Id.* at 5-11). Plaintiff seeks damages as well as declaratory and injunctive relief, including that the Court vacate and set aside an order entered in her bankruptcy case. (*Id.* at 12).

## II. Discussion

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to establish whether the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Rule 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Rule 8 provides that complaints must contain a short and plain statement of the facts explaining why a claim succeeds. *See* Fed. R. Civ. P. 8(a)(2). A complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought." *Id.* The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Vague or unintelligible pleadings violate Rule 8.

- ***Subject Matter Jurisdiction***

In support of this Court's jurisdiction, Plaintiff identifies 42 U.S.C. § 1983 and 18 U.S.C. §§ 1503 and 1512 as the federal statutes at issue in this case.

First, federal criminal statutes, including §§ 1503 (obstruction of justice) and 1512 (tampering with a witness) do not provide Plaintiff with a private right of action. *See Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (explaining that this portion of the criminal code "do[es] not give rise to a civil action for damages). *See also Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) (dismissal of claims alleging violations of criminal statutes is proper if criminal statutes do not provide for a private right of action); *Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo. 1991) ("Private citizens generally have no standing to institute federal criminal proceedings").

Second, Plaintiff cannot pursue claims under § 1983 against the named defendants because § 1983 provides a remedy when an individual's constitutional rights are violated under **color of state law**. *See West v. Atkins*, 487 U.S. 42, 48 (1988). *See also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."). "Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how

discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). Thus, the only proper defendants in a § 1983 action are those who "'represent [the state] in some capacity, whether they act in accordance with their authority or misuse it.'" *NCAA v. Tarkanian*, 488 U.S. 179, 191 (1988) (quoting *Monroe v. Pape*, 365 U.S. 167, 172 (1961)). Here, Plaintiff does not allege any facts to suggest that Defendant Scanlan, a private attorney, Defendant Judge Tyson, a federal bankruptcy judge, and Defendant Connolly, a Chapter 7 bankruptcy trustee acted under color of state law to violate her constitutional rights.

Third, Plaintiff lacks jurisdiction to sue Defendant Connolly absent permission from the bankruptcy court. In *Barton v. Barbour*, 104 U.S. 126, 127-28 (1881), the Supreme Court held that "before suit is brought against a receiver leave of the court by which he was appointed must be obtained." 104 U.S. at 128. A plaintiff who brings such a suit, the Court explained, attempts to "obtain some advantage over the other claimants upon the assets in the receiver's hands." *Id*. If allowed to proceed, "the court which appointed the receiver and was administering the trust assets would be impotent to restrain" such a plaintiff, complicating the proper administration of the estate. *Id*. The Tenth Circuit has held that "*Barton* precludes suit against a bankruptcy trustee for claims based on alleged misconduct in the discharge of a trustee's official duties absent approval from the appointing bankruptcy court." *Satterfield v. Malloy*, 700 F.3d 1231, 1234-35 (10th Cir. 2012).

Although a federal trustee may be sued for *ultra vires* acts, where the essence of the plaintiff's allegations of improper conduct relate to the trustee's execution of his duties as trustee, the *ultra vires* exception does not apply, even if the debtor alleges that

the trustee acted with improper motives. *See Satterfield*, 700 F.3d at 1236. *See also Lawrence v. Goldberg*, 573 F.3d 1265, 1271 (11th Cir. 2009) (looking at the "essence of" plaintiff's complaint and finding that plaintiff's claims—asserting that trustee's actions violated federal wiretapping laws, the Racketeer–Influenced Corrupt Organizations Act, the Fair Debt Collection Practices Act, and federal and constitutional rights under 42 U.S.C. § 1983 and *Bivens*—fell within scope of *Barton* doctrine because they were all related to plaintiff's bankruptcy proceeding); *Lowenbraun v. Canary*, 453 F.3d 314, 322 (6th Cir. 2006) (finding plaintiff's allegation that trustee's actions were prompted by improper motives insufficient to undermine application of *Barton* doctrine to plaintiff's claims of libel, slander, abuse of process, wrongful use of civil proceedings, and tort of outrage).

Here, it appears that Plaintiff's allegations against Defendant Connolly stem from his duties as trustee and are related to his administration of the bankruptcy estate, snf that Plaintiff has not obtained permission from the bankruptcy court to sue the trustee. Therefore, the claims against Defendant Connolly also should be dismissed for lack of jurisdiction pursuant to *Barton. See Satterfield,* 700 F.3d at 1234 (stating that the *Barton* doctrine is jurisdictional).

### III. Conclusion

The Court will provide Plaintiff with an opportunity to file an Amended Complaint to remedy the pleading deficiencies identified above. If Plaintiff fails to file an Amended Complaint as directed within the time allowed, this action will be dismissed without further notice.

Plaintiff may contact the Federal Pro Se Clinic at (303) 824-5395 or https://www.cobar.org/cofederalproseclinic for possible assistance in this matter. The Federal Pro Se Clinic is located on the first floor of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294.

For the reasons set forth above, it is

ORDERED that Plaintiff shall file, **within thirty (30) days from the date of this order**, an Amended Complaint on the court-approved Complaint Form (General Complaint) that complies with the directives in this Order. It is

FURTHER ORDERED that if Plaintiff fails to file an Amended Complaint as directed within the time allowed, this action will be **dismissed without prejudice and without further notice** for the reasons discussed above.

DATED August 15, 2025.

BY THE COURT:

*Richard T. Gurley*

———————————————
Richard T. Gurley
United States Magistrate Judge