# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Richard T. Gurley, United States Magistrate Judge

Civil Action No. 25-cv-02161-LTB-RTG

MICHELLE LEE,

    Plaintiff,

v.

KIMBERLY H. TYSON,
TOM H. CONNOLLY, and
JOHN SCANLAN,

    Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter comes before the Court on the Amended Complaint (ECF No. 9) filed by Plaintiff Michelle Lee on September 3, 2025. The matter has been referred to this Magistrate Judge for recommendation (ECF No. 11).[1]

The Court has considered the entire case file, the applicable law, and is sufficiently advised in the premises. This Magistrate Judge respectfully recommends that the Amended Complaint be dismissed.

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**I. Background**

Proceeding *pro se,* Plaintiff initiated this action on July 14, 2025. (ECF Nos. 1, 2). In response to the Court's order to cure (ECF No. 4), Plaintiff paid the filing fee (ECF No. 5) and submitted a Complaint (ECF No. 6). The Court reviewed the Complaint pursuant to D.C.COLO.LCivR 8.1(a), determined it suffered from pleading deficiencies, and directed Plaintiff to file an amended pleading within 30 days. (ECF No. 7). On September 3, 2025, Plaintiff filed the Amended Complaint (ECF No. 9).

Plaintiff asserts claims under 42 U.S.C. § 1983 for violations of her constitutional rights under the Fifth and Fourteenth Amendments and obstruction of justice and fraud pursuant to 18 U.S.C. §§ 1501 and 1512. (*Id.* at 4, 8, 13). She specifically alleges that Bankruptcy Judge Kimberly Tyson issued orders based on false and misleading information, failed to consider *ex parte* communications and constitutional challenges, and used Rule 60(a) to make substantive changes to orders. (*Id.* at 7-8). She contends that these actions resulted in unequal treatment and denial of a fair and impartial hearing. (*Id.*). Plaintiff further alleges that Trustee Tom Connolly misused his authority and engaged in improper *ex parte* communication. (*Id.* at 11). As relief, she seeks recusal of Bankruptcy Judge Tyson and Trustee Connolly due to conflicts of interest and related litigation; an investigation into the alleged misconduct, fraud, and obstruction of justice; and damages. (*Id.* at 13).

**II. Standard of Review**

The Court construes the Amended Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as

an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110.

### III. Analysis

#### A. Federal Criminal Statutes

Plaintiff was advised in the order to amend that federal criminal statutes, including 18 U.S.C. § 1503 (obstruction of justice) and 18 U.S.C. § 1512 (tampering with a witness) do not provide Plaintiff with a private right of action. *See Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (explaining that this portion of the criminal code "do[es] not give rise to a civil action for damages*). See also Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) (dismissal of claims alleging violations of criminal statutes is proper if criminal statutes do not provide for a private right of action); *Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo. 1991) ("Private citizens generally have no standing to institute federal criminal proceedings"). Therefore, any claims based on alleged violations of these statutes should be dismissed.

#### B. Under Color of State Law

Plaintiff was further advised in the order to amend that § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.").

Plaintiff repeatedly asserts that all defendants are "government actors acting under federal law, which makes them 'acting under color of law' within the meaning of § 1983." (ECF No. 9 at 9). The Amended Complaint, however, does not identify any

actions taken "under color of state law" as distinct from federal authority. Instead, Plaintiff conflates "acting under color of law" with "acting under federal law" or "as a court officer." (*Id.* at 9-12). As such, Plaintiff cannot pursue any § 1983 claims against the named Defendants because they were not acting under color of state law.

### C. Sovereign Immunity

To the extent Plaintiff sues Bankruptcy Judge Tyson and Trustee Connolly in their official capacities, the claims are construed as claims asserted against the United States. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Federal Deposit Insurance Corp. v. Meyer*, 510 U.S. 471, 475 (1994). *See also Normandy Apartments, Ltd. v. U.S. Dep't of Hous.*, 554 F.3d 1290, 1295 (10th Cir. 2009). The "terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941). *See also United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction").

The United States has not waived its sovereign immunity for constitutional claims asserted pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).[2] *See Meyer*, 510 U.S. at 485-86 (direct action for damages against federal agencies not recognized under *Bivens*); *Dahn v. U.S.*, 127 F.3d 1249, 1254 (10th Cir. 1997) ("The United States and its agencies are not subject to

---

[2] Although Plaintiff purports to bring her constitutional claims under § 1983, the named Defendants are federal officials, and as discussed in Section B. she does not allege any facts showing that any Defendant acted "under color of state law" as opposed to federal law or engaged in conduct amounting to state action under § 1983.

suit under Bivens."). Indeed, "[t]here is no such animal as a *Bivens* suit against a public official . . . in his or her official capacity. Instead, any action that charges such an official with wrongdoing while operating in his or her official capacity . . . operates as a claim against the United States." *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1231 (10th Cir. 2005) (quoting *Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001)). Constitutional claims asserted against United States' officers and employees in their official capacities are barred by sovereign immunity. *See Hatten v. White*, 275 F.3d 1208, 1210 (10th Cir. 2002) (A *Bivens* action may not be brought against federal agencies or agents acting in their official capacities) (citing *Meyer*, 510 U.S. at 483-86); *Peterson v. Timme*, 621 F. App'x 536, 541 (10th Cir. 2015) (affirming dismissal of official-capacity claims asserted against a federal judge for lack of subject-matter jurisdiction).

Plaintiff has failed to identify a specific waiver of sovereign immunity that would allow her claims to proceed against Judge Tyson and Trustee Connolly in their official capacities. *See Smith v. Krieger*, 389 F. Appx. 789, 795 (10th Cir. 2010) (explaining that plaintiff bears the burden of identifying specific waiver of sovereign immunity to bring official capacity claims against federal district court judge). Therefore, Plaintiff's official capacity claims should be dismissed for lack of subject matter jurisdiction.

### D. Judicial Immunity

To the extent Plaintiff sues Judge Tyson in her individual capacity for violating Plaintiff's constitutional rights to due process and equal protection, the claims are subject to absolute judicial immunity because all of Plaintiff's allegations against Judge Tyson are based on actions taken in her judicial capacity.

A judge is absolutely immune from suit for actions taken in his or her judicial capacity unless he or she was acting in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (per curiam); *Gregory v. United States/United States Bankruptcy Court for Dist. of Colorado*, 942 F.2d 1498, 1499-1500 (10th Cir.1991). A judge will not be deprived of immunity "because the action [she] took was in error . . . or was in excess of [her] authority." *Mirales,* 502 U.S. at 12-13 (internal quotation marks omitted). *See also id.* at 11 (stating that judicial immunity "is not overcome by allegations of bad faith or malice."); *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000) (judicial immunity applies even in instances in which the judge's action "was in error, was done maliciously, or was in excess of [her] authority") (internal quotation marks and citation omitted).

Judicial immunity shields a federal judge from any individual-capacity claims for money damages and precludes equitable relief in a *Bivens* action when the plaintiff has adequate remedies at law. *See Switzer v. Coan*, 261 F.3d 985, 990-91 (10th Cir. 1991) (holding that available legal remedies barred plaintiff's request for equitable relief with respect to claims asserted under *Bivens* against federal judges because "relief was available through such standard legal means as post-judgment motion, appeal, mandamus, prohibition, and/or certiorari view in the prior proceedings."); *Peterson v. Timme*, 621 F. App'x 536, 543-43 (10th Cir. 2015) (recognizing it is the availability of appellate review that precludes equitable relief, regardless of whether the litigant elects to pursue an appeal, and finding no cognizable claim against federal district judge for alleged violation of plaintiff's constitutional rights in connection with the denial of his federal habeas application). *Accord Lawrence v. Kuenhold*, 271 F. App'x 763, 766 n.6

(10th Cir. 2008) (recognizing that judicial immunity extends to a request for injunctive relief in a § 1983 action "unless a declaratory decree was violated or declaratory relief was unavailable," quoting Section 309(c) of the Federal Courts Improvement Act of 1996, which was incorporated into § 1983).

Plaintiff does not allege any facts in the Amended Complaint demonstrating that her constitutional claims asserted against Defendant Judge Tyson are not barred by judicial immunity. Therefore, the claims are subject to dismissal.

### E. Claims against the Trustee

Plaintiff also alleges that her constitutional rights were violated by Defendant Connolly, the bankruptcy trustee because he engaged in *ex parte* communications and undertook improper action in his official capacity.

In *Barton v. Barbour*, 104 U.S. 126, 127-28 (1881), the Supreme Court held that "before suit is brought against a receiver leave of the court by which he was appointed must be obtained." 104 U.S. at 128. A plaintiff who brings such a suit, the Court explained, attempts to "obtain some advantage over the other claimants upon the assets in the receiver's hands." *Id*. If allowed to proceed, "the court which appointed the receiver and was administering the trust assets would be impotent to restrain" such a plaintiff, complicating the proper administration of the estate. *Id*. The Tenth Circuit has held that "*Barton* precludes suit against a bankruptcy trustee for claims based on alleged misconduct in the discharge of a trustee's official duties absent approval from the appointing bankruptcy court." *Satterfield v. Malloy*, 700 F.3d 1231, 1234-35 (10th Cir. 2012).

Although a federal trustee may be sued for *ultra vires* acts, where the essence of the plaintiff's allegations of improper conduct relates to the trustee's execution of his duties as trustee, the *ultra vires* exception does not apply, even if the debtor alleges that the trustee acted with improper motives. *See Satterfield*, 700 F.3d at 1236. *See also Lawrence v. Goldberg*, 573 F.3d 1265, 1271 (11th Cir. 2009) (looking at the "essence of" plaintiff's complaint and finding that plaintiff's claims—asserting that trustee's actions violated federal wiretapping laws, the Racketeer–Influenced Corrupt Organizations Act, the Fair Debt Collection Practices Act, and federal and constitutional rights under 42 U.S.C. § 1983 and *Bivens*—fell within scope of *Barton* doctrine because they were all related to plaintiff's bankruptcy proceeding); *Lowenbraun v. Canary*, 453 F.3d 314, 322 (6th Cir. 2006) (finding plaintiff's allegation that trustee's actions were prompted by improper motives insufficient to undermine application of *Barton* doctrine to plaintiff's claims of libel, slander, abuse of process, wrongful use of civil proceedings, and tort of outrage).

Plaintiff's allegations against Defendant Connolly stem from his duties as trustee and are related to his administration of the bankruptcy estate. Plaintiff has not obtained permission from the bankruptcy court to sue the trustee. Therefore, the claims against Defendant Connolly should be dismissed for lack of jurisdiction pursuant to *Barton*. *See Satterfield,* 700 F.3d at 1234 (stating that the *Barton* doctrine is jurisdictional).

**IV. Recommendations**

For the reasons set forth herein, this Magistrate Judge respectfully

RECOMMENDS that the claims based on 18 U.S.C. §§ 1503 and 1512 be DISMISSED WITHOUT PREJUDICE. This Magistrate Judge further respectfully

RECOMMENDS that the claims asserted pursuant to 42 U.S.C. § 1983 be DISMISSED WITHOUT PREJUDICE. This Magistrate Judge further respectfully

RECOMMENDS that the claims asserted against Defendant Judge Tyson and Trustee Connelly in their official capacities be DISMISSED WITHOUT PREJUDICE based on sovereign immunity. This Magistrate Judge further respectfully

RECOMMENDS that the claims asserted against Defendant Judge Tyson in her individual capacity be DISMISSED WITHOUT PREJUDICE based on judicial immunity. This Magistrate Judge further respectfully

RECOMMENDS that the claims asserted against Defendant Connolly, the bankruptcy trustee, be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction pursuant to the *Barton* doctrine. This Magistrate Judge further respectfully

RECOMMENDS that the that the Amended Complaint (ECF No. 9) be DISMISSED in its entirety.

DATED September 23, 2025.

BY THE COURT:

*Richard T. Gurley*

_____
Richard T. Gurley
United States Magistrate Judge